UNITED STATES of America,
Appellee,

v.

Robert PARKER, Defendant-Appellant.
No. 91, Docket 23076.

United States Court of Appeals
Second Circuit.

Argued Nov. 5, 1954.

Decided Dec. 16, 1954.

John O. Henderson, U. S. Atty. for Western Dist. of New York, Buffalo, N. Y. (R. Norman Kirchgraber, First Asst. U. S. Atty., Buffalo, of counsel), for appellee.

Robert Parker, pro se, on the brief.

Before CHASE, MEDINA, and HINCKS, Circuit Judges.

PER CURIAM.

The defendant-appellant was indicted on four counts. The first and third counts each charged a sale of narcotics in violation of 21 U.S.C.A. § 174; the second and fourth counts charged the same sales as violations of 26 U.S.C.A. § 2553(a), the penalty for which is provided by 26 U.S.C.A. § 2557(b). After trial before a jury in which the defendant was represented by counsel of his own choosing, the defendant was convicted on all four counts. Thereupon pursuant to the Statutes on which the respective counts were laid, the United States Attorney filed an information with the Court showing three previous convictions of the defendant for offenses coming within the "subsequent offender" provisions of the Statutes cited. The transcript of record which the appellant has provided fails to show any denial by the defendant of his identity with the "Parker" previously convicted. Accordingly, the defendant, agreeable to the applicable statutes, was sentenced to a term of imprisonment of 15 years on each count, the sentences to run concurrently, and to pay a fine of $1,000 on the first count. After filing a notice of appeal, his counsel withdrew from the case and the appeal was prosecuted by the appellant *pro se, forma pauperis,* who although not appearing in person provided

this court with a brief, a supplemental brief, and a reply brief.

■■ The appellant claims error in the judge's denial of his motion to dismiss made in the trial at the close of the Government's case. He also contends that the evidence was insufficient to sustain the conviction. There is no merit to these contentions. It is true that the case for the prosecution depended in part on inference. But there was much evidence of facts which amply warranted every inference essential to the Government's case. And in so far as the testimony was conflicting, the resulting conflicts were for the jury to determine.

■ Nor was the defense of entrapment available to the appellant, especially in view of testimony showing that the first overtures for the sales in question came, if not from the defendant himself, certainly not from the Government agent.

The suggestion that one or more of the counts here involved were duplicitous has no substance. Silverman v. U. S., 1 Cir., 59 F.2d 636, certiorari denied 287 U.S. 640, 53 S.Ct. 89, 77 L.Ed. 554.

■■ The final claim of error growing out of the judge's charge relating to the credibility of witnesses and his observation to the jury that the case was an important one both as to the Government and to the appellant is wholly untenable. In neither respect was the charge improper or prejudicial. Especially in view of the instructions given on the credibility of witnesses, the judge's failure specifically to caution the jury as to the credibility of the Government's witness, Brown, did not constitute prejudicial error as is contended in appellant's supplemental brief. Moreover, in his reply brief, which is directed principally to an attack on the credibility of the witness Brown, the appellant seems to overlook the fact that as to the essential elements of the case Brown's testimony was corroborated by the Government witness Jackson.

Judgment affirmed.